UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
LATOYA T. FERGUSON on behalf of herself
and all others similarly situated

                                      Plaintiff,

      -against-

TODD, BREMER & LAWSON, INC.

                                      Defendant.
------------------------------------------------------------

ECF CASE

08 CV 2508 (MGC) (DFE)

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Todd, Bremer & Lawson, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Old Dominion University.

4. Upon information and belief, the defendant presently owns the debt.

5. Upon information and belief, Todd, Bremmer & Lawson, Inc. is a South Carolina corporation which maintains an office for collection of debts in Rock Hill, South Carolina.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Upon information and belief, defendant has been a debt collector since 1974. The registered agent is James Harold Todd.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

*Allegations Particular to Latoya T. Ferguson*

10. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

11. On or about January 31, 2007 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Plaintiff asserts according to the plaintiff's records and recollection that the Jnauary 31, 2007 letter was the initial letter received by the plaintiff.

13. The said January 31, 2007 letter fails to set forth the mandatory language pursuant to 1692g advising the plaintiff that she has thirty days to dispute the debt and seek verification thereof.

14. In addition, there is language in the letter demanding payment immediately which

contradicts the plaintiff's right to dispute the debt and seek verification thereof during the initial thirty day period.

15. Said January 31, 2007 letter states in part as follows: "Your account has been referred to this firm for immediate activity to liquidate the above delinquent account. We are now investigating this account to make a recommendation to our client as to the next step which should be taken to collect this debt. This continued effort is being taken as a result of your failure to respond to previous notices for payment. If you wish to avoid forthcoming steps to collect this amount, send the balance in full to this office immediately."

16. Said letter also states in part: "There is a $30.00 charge for returned checks."

17. In the State of New York and other states the maximum charge for returned checks is less than $30.00.

18. Said statements contain false threats and deceptive representations.

19. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging false threats and deceptive practices.

20. The defendant sent the plaintiff a subsequent letter dated February 21, 2007.

**21.** Said letter states in part: "NOTICE OF INTENTION TO BEGIN INVESTIGATION  Apparently you have chosen to ignore our previous request for payment of this claim. We are now recommending an investigation into your employment, bank accounts, automobile and any real or personal property you may own. If an investigation indicates that you are financially able to pay this obligation, we will give this information to your creditor and proceed with collection activity. If you wish to avoid this, send the balance in full to this office

immediately.

22. Said letter also states in part: "There is a $30.00 charge for returned checks."

23. In the State of New York and other states the maximum charge for returned checks is less than $30.00.

24. Said statements contain false threats and deceptive representations. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

25. The defendant sent the plaintiff an additional letter dated March 14, 2007.

26. Said letter states in part as follows: "Since your remittance has not been received, it is presumed that you have defense or counter-claims to the above claim. However, if you plan to handle this matter yourself, just send payment in full to this office immediately. If you have an attorney that represents you in this matter, please provide us with their name, address and phone number at the bottom of this letter."

27. Said language give the impression to the least sophisticated consumer that the consumer will prevail only if she retains an attorney.

28. Said letter also states in part: "There is a $30.00 charge for returned checks."

29. In the State of New York and other states the maximum charge for returned checks is less than $30.00.

30. Said statements contain false threats and deceptive representations. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

31. Defendant is considered a collection agency pursuant to the regulations of the

       New York City Department of Consumer Affairs.

32.     Said regulations are set forth as follows:

Section 20-490 of the New York City Administrative Code ("N.Y.C.Admin.Code"). This provision states:

*5 It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations.

N.Y.C. Admin. Code § 20-490. Further, Section 20-494 provides that:

a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation....

N.Y.C. Admin. Code § 20-494.

33.     In other words, defendant is considered a debt collection agency according the Department of Consumer Affairs as it attempts to collect debts after the debts were in default.

34.     Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license with the Department of Affairs.

35.     Defendant's sending of letters in the State and City of New York is the same function as any pedestrian collection agency.

36.     Acting as a collection agency, the defendant must be licensed with the Department of Consumer Affairs so that its collection attempts into the City of New York can be monitored.

37.    Said failure to have a license is a violation of the FDCPA.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

37.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-36 as if set forth fully in this Cause of Action.

38.    This cause of action is brought on behalf of plaintiff and the members of classes and sub-classes.

39.    Class A consists of consumers who received the same form letter, as did the plaintiff.

40.    Class A consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 31, 2007 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

41.    A sub-class exists for those consumers who received the February 21, 2007 letter or the March 14, 2007 letter.

42.    A sub-class exists for those members who received any of the three letters and who reside within the City of New York.

43. A separate Class B exists for those members who received a letter demanding the $30.00 returned check charge who reside in a state where the returned check charge is an amount less than $30.00 as provided by local state statute.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means

of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48.     The defendant's use of the language violates the Fair Debt Collection Practices Act.

49.     Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 2, 2007

———————————————
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

———————————————
Adam J. Fishbein  (AF-9508)

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
LATOYA T. FERGUSON on behalf of herself
and all others similarly situated

        Plaintiff,

     -against-

TODD, BREMER & LAWSON, INC.

        Defendant.
-----------------------------------------------------------





## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Todd, Bremer & Lawson, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Old Dominion University.

4. Upon information and belief, the defendant presently owns the debt.

5. Upon information and belief, Todd, Bremmer & Lawson, Inc. is a South Carolina corporation which maintains an office for collection of debts in Rock Hill, South Carolina.

1

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Upon information and belief, defendant has been a debt collector since 1974. The registered agent is James Harold Todd.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Latoya T. Ferguson*

10. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

11. The defendant sent the plaintiff an additional letter dated March 14, 2007.

12. Said letter states in part as follows: "Since your remittance has not been received, it is presumed that you have defense or counter-claims to the above claim. However, if you plan to handle this matter yourself, just send payment in full to this office immediately. If you have an attorney that represents you in this matter, please provide us with their name, address and phone number at the bottom of this letter."

13. Said language give the impression to the least sophisticated consumer that the

2

consumer will prevail only if she retains an attorney.

14. Said letter also states in part: "There is a $30.00 charge for returned checks."

15. In the State of New York and other states the maximum charge for returned checks is less than $30.00.

16. Said statements contain false threats and deceptive representations. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

17. Defendant is considered a collection agency pursuant to the regulations of the New York City Department of Consumer Affairs.

18. Said regulations are set forth as follows:

Section 20-490 of the New York City Administrative Code ("N.Y.C.Admin.Code"). This provision states:

*5 It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations.

N.Y.C. Admin. Code § 20-490. Further, Section 20-494 provides that:

a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation....

N.Y.C. Admin. Code § 20-494.

19. In other words, defendant is considered a debt collection agency according the Department of Consumer Affairs as it attempts to collect debts after the debts were in default.

20. Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license with the Department of Affairs.

21. Said failure to have a license is a violation of the FDCPA.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-20 as if set forth fully in this Cause of Action.

23. This cause of action is brought on behalf of plaintiff and the member a class.

24. The Class consists of consumers who received the same form letter, as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 14, 2007 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

26. A sub-class exists for those members who received any of the three letters and who reside within the City of New York.

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes

would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The defendant's use of the language violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 5, 2008

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein  (AF-9508)

7

*Todd, Bremer & Lawson, Inc.*

560 South Harlong Avenue
Post Office Box 36788
Rock Hill, South Carolina 29732-0512
803.323.5200
800.849.6669

MAR 14 2007

345674/32-105
Latoya T. Ferguson
234 E 119 St.
Apt 2E
New York, NY 10035

CREDITOR:  Old Dominion Univ. Student Accounts    $9481.33

TOTAL AMOUNT DUE:  $9481.33

Since your remittance has not been received, it is presumed that you have defense or counter-claims to the above claim. However, if you plan to handle this matter yourself, just send payment in full to this office immediately.

If you have an attorney that represents you in this matter, please provide us with their name, address and phone number at the bottom of this letter.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

TODD, BREMER & LAWSON, INC.

S.T. Ashley

Please dial phone extension 232

************************************************************

PLEASE RETURN THIS PORTION WITH YOUR REMITTANCE
TBL# 345674/32   Home Telephone#_____
Ferguson  Latoya T.    Work Telephone#_____

Method of Payment  Check___, Money Order___
There is a $30.00 charge for returned checks.

Mailing Address: Post Office Box 36788 • Rock Hill, South Carolina 29732 • 803.323.5211 facsimile

Established in 1974